## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DAVID COOPER | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 21-1158 |
| RISA VETRI FERMAN *(JUDGE)* ET AL. | : | |

**SURRICK, J.**                                                    **March 14, 2024**

### MEMORANDUM

*Pro se* Plaintiff Michael David Cooper brings a suit under 42 U.S.C. § 1983 against several actors involved in his state criminal case.  He alleges that each actor violated his constitutional rights in relation to his allegation that he was not given sufficient notice of a weapons possession charge.  Each Defendant filed a motion to dismiss.  Cooper subsequently filed two motions to amend his Complaint.  For the following reasons, Cooper's claims are barred.  Moreover, because we find that amendment of his Complaint would be futile, his Motions to amend are denied and his Complaint is dismissed with prejudice.

### I.      BACKGROUND

Cooper entered a plea of no contest (*nolo contendere*) in the Montgomery County Court of Common Pleas to charges of simple assault and possession of a weapon pursuant to a plea agreement with the Montgomery County District Attorney's Office.  (*See* Criminal Docket at 2, 16; Plea Colloquy, ECF 1-1, Ex. B, at 11–13.)[1]  The weapons possession charge was not included in the original criminal complaint but was added by information on October 30, 2018.

---

[1] Cooper's Plea Colloquy is attached to his Complaint.  He also attaches portions of the docket for his state criminal case printed on different days.  (*See* ECF 1-1, Ex. C.)  We refer to Cooper's updated criminal docket.  (*See* Criminal Docket, available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-46-CR-0004930-2018&dnh=TlxJYYirJ2qiHA16pq5SGQ%3D%3D.)  *See also Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.").

(*See* Criminal Docket at 3; Criminal Complaint at 3–4.)  The charges arose out of an incident on July 5, 2018, in Pottstown, Pennsylvania, in which Cooper allegedly attacked and cut a woman with a knife.  (*See* Criminal Complaint, ECF No. 1-1, Ex. A, at 6 of 44.)  On March 13, 2019, Cooper was sentenced to concurrent terms of one to two years imprisonment on each count. (Plea Colloquy at 11–13; Criminal Docket at 3, 4.)  Cooper's appeal to the Pennsylvania Superior Court was dismissed on March 19, 2021.  (*See* Criminal Docket at 26, 27.)  Cooper also filed a petition for state-level post-conviction collateral relief, which was also dismissed.  (*Id.* at 27, 29.)  He has appealed this dismissal to the Pennsylvania Superior Court.  (*Id.* at 29.)

Cooper has filed a lawsuit, *pro se*, pursuant to 42 U.S.C. § 1983 against several actors involved in his criminal case: (1) Judge Risa Vetri Ferman, (2) the Commonwealth of Pennsylvania, (3) the Montgomery County District Attorney's Office, (4) Assistant District Attorney Christopher Daniels, and (5) his court-appointed defense counsel, Abigail Silverman Leeds.  (Compl., ECF No. 1, at 2–3 (ECF Pagination); *see also* Criminal Docket at 8.)  Plaintiff appears to allege that because the weapons possession charge was not included in the original criminal complaint filed against him by the Pottstown Police on July 5, 2018, he was not provided the required notice of this charge.  (*See* Compl. at 5.)  Accordingly, he alleges that the Montgomery County District Attorney's Office ("DA's Office") and Assistant District Attorney Daniels illegally prosecuted him and Judge Ferman illegally imprisoned him on this charge, in violation of his Fifth, Sixth, and Eighth Amendment rights.  (*See id.* at 5, 7)  He further alleges that his attorney, Leeds, provided him ineffective assistance of counsel when she advised him to plead guilty to the weapons possession charge.  (*See id.* at 6.)  Cooper seeks $5 million from each Defendant.  (*Id.* at 9.)  Each Defendant has moved to dismiss Cooper's Complaint.[2]  (*See*

_____

[2] Leeds has filed two motions to dismiss, each discussing different grounds for dismissing Cooper's Complaint.

"Commonwealth and Ferman MTD," ECF No. 7; "Daniels and DAO MTD," ECF No. 8; "First

Leeds MTD," ECF No. 11-2; "Second Leeds MTD," ECF No. 13-2.)  Cooper has also filed two

motions seeking to amend his Complaint.  (*See* "Amendment Motions," ECF Nos. 16 & 19.)

## II.   MOTIONS TO DISMISS

### A.   Legal Standard

A defendant may move to dismiss a complaint for, among other reasons, "(1) lack of

subject-mater jurisdiction . . . [or] (6) failure to state a claim upon which relief can be granted."

Fed. R. Civ. P. 12(b)(1), (6).  "A Rule 12(b)(1) motion may be treated as either a facial or factual

challenge to the court's subject matter jurisdiction."  *Gould Elecs. Inc. v. United States*, 220 F.3d

169, 176 (3d Cir. 2000).  "A facial attack, as the adjective indicates, is an argument that considers

a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the

court."  *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).  "A factual

attack, on the other hand, is an argument that there is no subject matter jurisdiction because the

facts of the case . . . do not support the asserted jurisdiction."  *Id.*  In contrast to a facial attack,

when considering a factual attack, a district court "may look beyond the pleadings to ascertain the

facts."  *Id.*  "In a Rule 12(b)(6) motion, the court evaluates the merits of the claims by accepting

all allegations in the complaint as true, viewing them in the light most favorable to the plaintiffs,

and determining whether they state a claim as a matter of law."  *Gould*, 220 F.3d at 178.

Defendants here move to dismiss under both Rule 12(b)(1) and Rule 12(b)(6).  (*See*

Commonwealth and Ferman MTD at 7 (ECF Pagination); Daniels and DAO MTD at 2 (ECF

Pagination); First Leeds MTD at 1 (ECF Pagination).)  We are satisfied that the Motions brought

by the Defendants are best considered under Rule 12(b)(1), as none challenge the merits of

Cooper's claim that Defendants violated his constitutional rights.  Rather, they maintain, for

several reasons, that we lack jurisdiction to consider the merits.  (*See generally* Commonwealth

and Ferman MTD; Daniels and DAO MTD; First Leeds MTD; Second Leeds MTD.)

Regardless, for our purposes, this is a distinction without a difference and does not affect our

analysis here.  *See Petruska v. Gannon Univ.*, 462 F.3d 294, 299 n.1 (3d Cir. 2006). ("[W]e note

that the standard is the same when considering a facial attack under Rule 12(b)(1) or a motion to

dismiss for failure to state a claim under Rule 12(b)(6).").

    **B.**    **Discussion**

    For the following reasons, we conclude that we lack subject matter jurisdiction to

consider Cooper's claims.

        *1.*    *Rooker-Feldman Doctrine*

    While, in general, "federal courts have a 'virtually unflagging' duty to exercise

jurisdiction conferred by Congress . . . federal district courts are not amenable to appeals from

disappointed state court litigants."  *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453,

458 (3d Cir. 2019).  In particular, under the *Rooker-Feldman* doctrine, federal courts do not have

jurisdiction to hear claims in which "a federal suit follows a state suit" when "(1) the federal

plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court

judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the

plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining*

*& Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163–64, 166 (3d Cir. 2010) (quoting *Exxon*

*Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  In other words, "a party

losing in state court is barred from seeking what in substance would be appellate review of the

state judgment in a United States district court, based on the losing party's claim that the state

judgment itself violates the loser's federal rights."  *Johnson v. De Grandy*, 512 U.S. 997,

1005–06 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).  "*Rooker* and *Feldman* exhibit the limited circumstances in which [the Supreme Court's] appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority" such as suits under § 1983.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).  "*Rooker–Feldman* applies [] when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered."  *FOCUS v. Allegheny Cnty. Ct. of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996).

Here, Cooper asks us to hold that his state court criminal conviction was unconstitutional. Specifically, in a lawsuit filed after his criminal conviction, he asks us to rule that Judge Ferman's sentence for the weapons possession charge was illegal and award him damages for his injuries.[3]  This would amount to appellate review of a state court decision by a United States District Court, precisely what the *Rooker-Feldman* doctrine prohibits.  *See De Grandy*, 512 U.S. at 1005–06; *Great W. Mining*, 615 F.3d at 166.  He also asks us to hold that the DA's Office and Daniels illegally prosecuted him for the weapons possession charge and that Leeds rendered ineffective assistance of counsel when she advised him to plead guilty to the weapons possession charge.  In both cases, we would necessarily be required to determine if Judge Ferman's sentence was illegal, as the claims Cooper brings against each Defendant are all predicated on his contention that he was unconstitutionally deprived of notice of the weapons possession charge.

---

[3] Cooper's Complaint seems to imply that the Commonwealth of Pennsylvania is also liable for this supposedly illegal sentence.  (*See* Compl. at 2, 5.)

Again*, Rooker-Feldman* prevents us from doing this. *See FOCUS*, 75 F.3d at 840. Therefore, all of Cooper's claims are barred by the *Rooker-Feldman* doctrine.[4]

> 2.     *Heck v. Humphrey*

"[I]n a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).[5] A judgment in favor of Cooper against any of the named Defendants here would do exactly that. Moreover, while Cooper appealed his conviction and is pursuing post-conviction relief in state court, his conviction has yet to be invalidated by any court. (*See* Criminal Docket at 26, 27, 29.) Accordingly, *Heck* also prevents us from considering Cooper's claims.

> 3.     *Immunities and Defenses*

Apart from the more general bars against Cooper's claims by *Rooker-Feldman* and *Heck*, each Defendant is immune from Cooper's claims for distinct reasons. Each will be discussed in turn.

> a.     <u>Judicial Immunity</u>

"The concept of judicial immunity is deeply rooted in American jurisprudence." *Gonzales v. Clerk of Cts. of Berks Cnty.*, No. 91-2082, 1991 WL 133647, at *2 (E.D. Pa. July 16, 1991). Accordingly, "[t]he Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." *Gallas v. Supreme*

---

[4] While the *Rooker-Feldman* doctrine provides sufficient reason to dismiss Plaintiff's Complaint, for the sake of completeness, we discuss additional bases as to why we lack jurisdiction to consider his Complaint.

[5] The rule from *Heck* applies equally to a no contest (*nolo contendere*) plea. *Curry v. Yachera*, 835 F.3d 373, 378 (3d Cir. 2016).

*Ct. of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000).  However, a judge is not immune for actions not taken in the judge's judicial capacity nor for actions "though judicial in nature, taken in the complete absence of all jurisdiction." *Id.*  Whether an action taken by a judge is "judicial in nature" turns on whether the action is "a function normally performed by a judge" and whether the plaintiff "dealt with the judge in his judicial capacity." *Id.* at 768–69.  A judicial action is not taken "in the complete absence of all jurisdiction" simply because the action taken "was in error, was done maliciously, or was in excess of his authority." *Id.*

Cooper's claims against Judge Ferman are barred by judicial immunity.  Cooper pleads that Judge Ferman sentenced him in his criminal case.  This is clearly an act that is "judicial in nature," as sentencing a criminal defendant is "a function normally performed by a judge" and Cooper "dealt with the judge in [her] judicial capacity." *See id.* at 768–69.  Cooper argues that Judge Ferman's sentence was taken in "clear absence of all jurisdiction."  ("Cooper Resp.," ECF No. 10, at 4 (PDF Pagination).)  Notably, he cites to *Commonwealth v. Little*, 314 A.2d 270 (Pa. 1974).  (Cooper Resp at 1.)  There, the Supreme Court of Pennsylvania held "that, as a general proposition, subject matter jurisdiction does not obtain unless and until formal accusation of the charge(s) is given in the indictment." *Com. v. Hoffman*, 594 A.2d 772, 774 (Pa. Super. 1991) (citing *Little*, 314 A.2d at 168–69).  This rule also applies equally to criminal informations. *See id.*  Here, the weapons possession charge *was* included in the criminal information filed against Cooper.  (Criminal Docket at 3.)  Regardless, even assuming that the weapons possession charge was not included in the information, this would not be sufficient to deprive Judge Ferman of judicial immunity. *See Byrd v. Parris*, No. 99-769, 1999 WL 895647, at *3 (E.D. Pa. Oct. 15, 1999) (holding that plaintiff's allegation that Pennsylvania judges lacked jurisdiction to sentence him to imprisonment because he was never indicted by a grand jury was "not sufficient to

deprive any of the Defendant judges of judicial immunity," as such an allegedly illegal sentence would not be a product of a "clear absence of jurisdiction"). Therefore, judicial immunity applies here and Judge Ferman is immune from suit.

                b.     <u>Sovereign Immunity</u>

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. However, the Supreme Court has construed the Eleventh Amendment to affirm that "the fundamental principle of sovereign immunity limits the grant of judicial authority in Art. III." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). That is, the Court has held that the Amendment establishes that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Id.* at 100. While the Court has held that Congress may abrogate state sovereign immunity pursuant to its Fourteenth Amendment enforcement powers, *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976), the Court has also held that Congress did not intend to do so in enacting § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65–66 (1989). Accordingly, a state cannot be sued under § 1983 without its consent. *Id.* at 67.

Cooper's claims against the Commonwealth of Pennsylvania are barred. Pennsylvania has not consented to suit here. *See* 1 Pa. Cons. Stat. § 2310 ("the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity"). To the extent Cooper attempts to name the Montgomery County Court of Common Pleas rather than the Commonwealth of Pennsylvania

(*see* Commonwealth and Ferman MTD at 2 n.1), his claims would still be barred. Pennsylvania's courts and the judicial branch are instrumentalities of the Commonwealth and thus cannot be sued under § 1983.  *See Benn v. First Jud. Dist. of Pa.*, 426 F.3d 233, 238–241 (3d Cir. 2005).[6]

Cooper's claims against Judge Ferman are also barred by sovereign immunity.  A suit against a government official in their official capacity is treated as a suit against the government entity that they serve, as the real party in interest is the entity.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Here, Cooper sues Judge Ferman in her official capacity.  (Compl. at 4.) Therefore, she is entitled to sovereign immunity.

c.    Prosecutorial Immunity

A prosecutor acting within the scope of his duties in initiating and pursuing a criminal prosecution is not amenable to suit under § 1983.  *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976).  Specifically, a prosecutor is immune from suit for "acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State."  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  Cooper's suit against Daniels and the DA's office falls squarely within the scope of this immunity, as he is suing both for their role in adding a charge against him by information, negotiating a plea agreement, and presenting that agreement in court for approval.  These actions clearly occurred within these Defendants' roles as advocates for the Commonwealth.  Accordingly, Daniels and the DA's office are protected by prosecutorial immunity from Cooper's claims.[7]

---

[6] *But see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 662–63 (1978) (local governments may be sued under § 1983).

[7] Cooper's claims against the DA's office are barred for an additional reason.  While local governments can be sued under § 1983 pursuant to *Monell*, a Pennsylvania county district attorney's office is not a separate legal entity from the county itself and thus cannot be sued under § 1983. *See, e.g.*, *Cruz v. City of Philadelphia*, No. 07-493, 2007 WL 2317372, at *5 (E.D. Pa. Aug. 7, 2007) ("the

**d.**     <u>Cooper's Defense Counsel Is Not a State Actor</u>

Section 1983 provides that a plaintiff may bring a claim against "[e]very person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction" to the deprivation of their constitutional rights.  42 U.S.C. § 1983 (emphasis added).  Accordingly, "[t]he plaintiff in a section 1983 action must allege that the defendants are state actors."  *Coulter v. Ramsden*, 510 F. App'x 100, 103 (3d Cir. 2013). "Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor." *Vermont v. Brillon*, 556 U.S. 81, 91 (2009).  In particular, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).

Cooper claims that his court-appointed defense counsel, Leeds, provided him ineffective assistance of counsel when she advised him to plead guilty to the weapons possession charge. (*See* Compl. at 6.)  In advising Cooper whether to accept a plea agreement, Leeds was performing a quintessential traditional function of a defense counsel in a criminal proceeding. *See Polk*, 454 U.S. at 325.  Therefore, Leeds was not a state actor in Cooper's criminal case and cannot be sued under § 1983.[8]

---

[Philadelphia] D.A.'s Office is not a separate legal entity for the purposes of § 1983, and, therefore, cannot be sued under 1983"); *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) ("the Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability").

[8] Leeds also maintains that Cooper's claims against her should be dismissed because he did not follow the correct procedure for bringing a legal malpractice claim under Pennsylvania law.  Specifically, she points to the Third Circuit's holding that Pa. R.C.P. 1042.3, which requires that a plaintiff who brings "any action based upon an allegation that a licensed professional deviated from an acceptable professional standard" must file a "certificate of merit" within sixty days of filing the complaint, is substantive law that applies in federal court.  (*See* Second Leeds MTD at 3–6, citing *Liggon-Redding v. Est. of Sugarman*, 659 F.3d 258, 264–66 (3d Cir. 2011).)  Here, Cooper did not file such a certificate of merit.  However, the Third Circuit's decision in *Liggon-Redding* held that Pa. R. C. P. 1042.3 applied in diversity suits brought under state law and cases applying state law under pendent jurisdiction.  *See id.* at 260, 262, 264.  In

10

## II.      MOTIONS TO AMEND

Cooper has also filed two motions seeking to amend his Complaint.  (Amendment Motions.)  A party may amend a pleading once as a matter of course within twenty-one days after (1) serving it or (2) the filing of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Cooper filed his Motions to amend his Complaint well after the twenty-one day deadlines provided in Fed. R. Civ. P. 15(a)(1),[9] so we may only grant him leave to amend if "justice so requires," *see* Fed. R. Civ. P. 15(a)(2).

In his first Motion, Cooper appears to ask us to stay this case until he has exhausted his state-level post-conviction challenge to his conviction.  (*See* ECF No. 16; "Daniels and DAO Resp.," ECF No. 18, at 3; Criminal Docket at 27, 29.)  It appears that Cooper "understands that *Heck v. Humphrey* stands in the way of his pursuit of this § 1983 action."  (Daniels and DAO Resp. at 3.)  However, as discussed, *Heck* is but one of several reasons why Cooper's Complaint should be dismissed, all of which will continue to apply even if his criminal conviction is overturned.  In his second Motion, Cooper essentially rewrites his Complaint.  However, nothing in this reframed complaint would change the outcome here.  All of Cooper's claims are barred on

---

contrast, this is a suit brough under federal law, § 1983.  Accordingly, Pa. R. C. P. 1042.3 is inapplicable here. *See, e.g.*, *Boring v. Sanders*, No. 12-419, 2013 WL 4080308, at *2, 8 (M.D. Pa. Aug. 13, 2013) (adopting a magistrate's judge's report and recommendation, which held that plaintiff's § 1983 claim was "not subject to Rule 1042.3's certificate of merit requirement").

[9] Cooper filed his Complaint on March 8, 2021 (*see* Compl.), and the last motion to dismiss in this case was filed on September 9, 2021 (*see* Second Leeds MTD).  However, Cooper did not file his motions to amend until October 24, 2022, and November 23, 2022, more than a year later.  (*See* Amendment Motions.)

at least two dispositive grounds, specifically the *Rooker-Feldman* doctrine and an immunity or other affirmative defense under § 1983 as to each Defendant.

Accordingly, because amendment would be futile, we need not allow leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Furthermore, for the same reason, we dismiss Cooper's Complaint with prejudice. *See Isaac's Deli, Inc. v. State Auto Prop. & Cas. Ins. Co.*, 539 F. Supp. 3d 424, 435 (E.D. Pa. 2021) (citing *Kanter v. Barella*, 489 F.3d 170, 181 (3d Cir. 2007)) ("[D]ismissal with prejudice is appropriate where amendment would be futile.").

## II.   CONCLUSION

For the foregoing reasons, Defendants' Motions are granted,[10] Cooper's Motions are denied, and Cooper's Complaint is dismissed with prejudice.

An appropriate order follows.

BY THE COURT:


*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[10] Because we grant Leeds's first Motion to Dismiss, and for the reasons discussed *supra*, n.8, we dismiss her second Motion to Dismiss (Second Leeds MTD) as moot.